# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CAROL JOHANSSON,**

        **Plaintiff,**

**-vs-**                      **Case No. 6:09-cv-2054-Orl-31DAB**

**MICHAEL TROUP EMMONS and JAMES E. EMMONS, IV,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** December 7, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th

Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Upon review, the instant complaint does not allege a non-frivolous cause of action within the Court's limited jurisdiction, and, as such, the motion should be **denied** and the complaint **dismissed**.

In the Complaint, Plaintiff sues Michael Troup Emmons (her ex-husband) and James E. Emmons IV, allegedly private citizens and Florida residents, asserting that they conspired to deter Plaintiff from attending state court proceedings and took several actions to intimidate her. Plaintiff alleges several reprehensible actions including domestic battery and sues for monetary damages in five Counts: Count I - Conspiracy in violation of 42 U.S.C. § 1985(2) - obstruction of justice ; Count II - Conspiracy in violation of 42 U.S.C. § 1985(2) – witness tampering; Count III - Conspiracy in violation of 42 U.S.C. § 1985(3) to deprive Plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution; Count IV- Conspiracy in violation of 42 U.S.C. § 1986; and Count VI - Intentional Infliction of Emotional Distress. The Court finds the allegations do not state a viable cause of action within the Court's limited jurisdiction.

The first four counts are brought under the Court's federal question jurisdiction. As pled, however, none of these counts states a viable cause of action against the private defendants (non-state actors). With respect to the counts alleged pursuant to 42 U.S.C. § 1985(2), Plaintiff asserts that

Defendants conspired to obstruct justice and tamper with her right to testify in state court proceedings. As noted by the Eleventh Circuit, however, this statute is directed to *federal* courts:

> The portion of § 1985(2) at issue in this case provides: "If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully and truthfully, ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." As defined in Title 28 U.S.C. § 451, the phrase "court of the United States" in § 1985(2) refers only to Article III courts and certain federal courts created by act of Congress, but not to state courts.

*McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (internal citations omitted). Plaintiff does not allege any action of intimidation or obstruction with respect to a proceeding pending in federal court. Counts I and II therefore do not state a viable cause of action under this section.

Count III purports to state a cause of action for conspiracy under § 1985(3). This, too, fails however, as Plaintiff has not alleged the requirements for such an action. As noted by the Supreme Court:

> Our precedents establish that in order to prove a private conspiracy in violation of the first clause of § 1985(3), [footnote omitted] a plaintiff must show, *inter alia*, (1) that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action," *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), and (2) that the conspiracy "aimed at interfering with rights" that are "protected against private, as well as official, encroachment," *Carpenters v. Scott*, 463 U.S. 825, 833, 103 S.Ct. 3352, 3358, 77 L.Ed.2d 1049 (1983).

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-268, 113 S.Ct. 753, 758 (1993). Here, Plaintiff alleges that the actions taken by Defendants to intimidate were personal to her and her involvement with state criminal and family law proceedings against Defendants. There is no racial

or other class-based animus pled or evident. Moreover, the rights allegedly impacted are Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. As the Supreme Court noted in *Bray,* "[a] § 1985(3) private conspiracy 'for the purpose of depriving ... any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws,' requires an intent to deprive persons of a right guaranteed against private impairment." *Bray, supra,* 506 U.S. at 274, citing *Carpenters, supra*, 463 U.S. at 833, 103 S.Ct. at 3358. The Fourteenth Amendment "is restricted solely to wrongs committed by the state or on behalf of the state by its agents." *Harris v. McDonald's Corp.*, 901 F.Supp. 1552, 1557 (M.D. Fla.1995), *citing United States v. Price*, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 1157 n. 7, 16 L.Ed.2d 267 (1966). Similarly, the Fourth Amendment prohibits unreasonable searches and seizures by the government. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002). Neither of these constitutional rights are guarantees against private impairment. *Smartt v. First Union Nat'l Bank*, 245 F.Supp.2d 1229, 1233 (M.D. Fla. 2003) ("Constitutional violations do not apply to private citizens or corporations unless they act under color of law."). Plaintiff cannot state a cause of action for violation of § 1985(3) on these facts. Count III is not viable.

In Count IV, Plaintiff asserts liability for violation of 42 U.S.C. § 1986, which provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." As is clear, a Section 1986 claim is derivative of Section 1985 and "requires the existence of a Section 1985 conspiracy." *Park v. City of Atlanta,* 120 F.3d 1157, 1159 -1160 (11th Cir. 1997). Here, as shown, no such conspiracy is available on these facts as a matter of law. As such, this derivative count cannot stand.

The sole remaining count is for a state law cause of action which, absent diversity of citizenship of the parties, is not an action within the limited jurisdiction of this federal court. As Plaintiff has pled that all parties to this action are residents of Seminole County, Florida, this claim is not within the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. It must be brought, if at all, in state court.

As none of the counts plead an actionable claim that is within the jurisdiction of this Court, it is **respectfully recommended** that the motion be **denied** and the Complaint be **dismissed.** As it is possible (albeit, not likely) that the Complaint could be amended to state a cognizable cause of action within the limited jurisdiction of the Court, it is respectfully recommended that the dismissal be **without prejudice** to the filing of an Amended Complaint that meets this criteria, accompanied by either the filing fee or a renewed motion to proceed as a pauper, within 14 days of any order adopting this recommendation.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 9, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] To be clear, assuming for present purposes the truth of all of Plaintiff's allegations, the Court is not holding that Plaintiff is wholly without a remedy for her grievances. Federal courts, however, are courts of limited jurisdiction. As the facts alleged here do not support the exercise of that limited jurisdiction, Plaintiff cannot proceed in *this* court on this Complaint. The Court does not foreclose the possibility of other actions based on these allegations, which might be pursued in state court under the civil and criminal laws of the state.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy